IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JOHN F. KAY JR., et al.,

                Plaintiffs,

v.                                                CIVIL ACTION NO. 2:11-cv-00341

MCGUIRE WOODS, LLP,

                Defendant.

**MEMORANDUM OPINION AND REMAND ORDER**

Before the Court is Plaintiffs' Motion to Remand [Docket 10]. For the reasons set forth below, this motion is **GRANTED**.

*I. BACKGROUND*

This case arises from the allegedly unlawful actions of Defendant in its legal representation of Plaintiffs regarding the sale of Plaintiffs' stock in The Kay Company. Plaintiffs allege that the stock sale was "orchestrated, structured and consummated under the direction of [Defendant]." (Docket 1-1 at 4.) Further, Plaintiffs allege that Defendant did not provide them with complete information before agreeing to the stock sale and that Defendant failed to advise them of the potential tax liability. As a result of Defendant's advice in structuring the sale, Plaintiffs state that they have paid approximately $1,820,000.00 to the Internal Revenue Service (IRS) and have incurred at least $575,000.00 in legal and accounting fees. (Docket 11 at 8.)

On April 14, 2011, Plaintiffs filed a complaint in the Circuit Court of Kanawha County, West Virginia, alleging state law claims including professional negligence, misrepresentation, and breach of contract. Defendant filed a notice of removal on May 13, 2011, seeking to invoke this Court's federal question jurisdiction pursuant to 28 U.S.C. §§ 1331. Defendant contends that this Court has subject matter jurisdiction because the claims involved "depend upon the resolution of complicated and substantial issues of federal tax law." (Docket 1 at 5.) Plaintiffs timely filed the pending motion to remand pursuant to 28 U.S.C. § 1447(c) on June 9, 2011. Plaintiffs maintain that removal is improper because "[P]laintiffs do not assert any federal claims, complete preemption does not exist or apply in this case, and, contrary to [D]efendant's assertion otherwise, [P]laintiffs' right to relief under state law does not depend upon the resolution of a substantial question of federal law." (Docket 10 at 1-2.) This matter is now fully briefed and ripe for the Court's consideration.

## II. APPLICABLE LAW

United States "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The party seeking removal bears the burden of showing that federal jurisdiction exists. *Singh v. Prudential Health Care Plan, Inc.*, 335 F.3d 278, 280 (4th Cir. 2003); *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir.1994). Because removal jurisdiction is strictly construed, all doubt is resolved in favor of remand. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107-09 (1941); *Mulcahey*, 29 F.3d at 148; *Marshall v. Manville Sales Corp.*, 6 F.3d 229,

232 (4th Cir. 1993) (citing *Am. Fire & Cas. Co. v. Finn*, 341 U.S. 6, 10 (1951)). When a removing party seeks to invoke the court's "arising under" jurisdiction, 28 U.S.C. § 1331, the federal question typically must be evident from the face of the plaintiff's well-pleaded complaint. *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10 (1983); *Custer v. Sweeney*, 89 F.3d 1156, 1165 (4th Cir. 1996) (instructing that courts are to "look no further than the plaintiff's complaint in determining whether a lawsuit raises issues of federal law capable of creating federal-question jurisdiction."). The assertion of a defense based on federal law is insufficient to create "arising under" jurisdiction if the complaint consists entirely of state law claims. *See Franchise Tax Bd.*, 463 U.S. at 10.

Even if state law creates the claims asserted by the plaintiff, federal question jurisdiction nonetheless is proper in cases in which "the plaintiff's right to relief *necessarily depends* on resolution of a *substantial question* of federal law, in that federal law is a necessary element of one of the well-pleaded . . . claims." *Pinney v. Nokia, Inc.*, 402 F.3d 430, 442 (4th Cir. 2005) (emphasis added). In order to remove a case in which state law creates the plaintiff's cause of action, a defendant "must establish two elements: (1) that the plaintiff's right to relief necessarily depends on a question of federal law, and (2) that the question of federal law is substantial." *Dixon v. Coburg Daily, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004); *see also Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313 (2005) ("[F]ederal jurisdiction demands not only a contested federal issue, but a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum."). The Supreme Court in *Grable* formulated the jurisdictional test as follows: "[D]oes the state-law claim necessarily raise a stated federal issue,

3

actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities[?]" 545 U.S. at 314.

### III. DISCUSSION

#### A. Substantial Question of Federal Law

Plaintiffs' complaint alleges only state law claims. However, a state law claim may give rise to federal question jurisdiction if it "appears from the [complaint] that the right to relief depends upon the construction or application of [federal law]." *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199 (1921). Additionally, the federal issue must be a substantial one, "indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum." *Grable*, 545 U.S. at 313 (citations omitted). No matter how important, or even decisive, federal law may be in the later stages of a case, if no substantial federal issue is raised as a legitimate part of a plaintiff's claim for relief, there exists no federal question jurisdiction under 28 U.S.C. § 1331. *Franchise Tax Bd.*, 463 U.S. at 10. The Fourth Circuit has stated that it is a "small class of cases" where state law creates a plaintiff's claim, but federal jurisdiction is nonetheless proper. *Pinney*, 402 F.3d at 442.

Defendant asserts that "the success of each of Plaintiffs' claims depends upon the validity and legitimacy of [Defendant's] advice regarding the structure and tax implications of the sale of Kay Co. and whether Plaintiffs are liable to the IRS under the theory of transferee liability, both of which require analysis of federal tax laws." (Docket 1 at 5.) However, Plaintiff argues that whether Defendant's advice was correct and whether Plaintiffs are liable to the IRS is not necessary to the determination of Plaintiffs' state law claims. The Court agrees that Plaintiffs' right to relief is not necessarily dependent upon the Court's resolution of a federal question. "A plaintiff's right to relief necessarily depends on a question of federal law when 'it appears that some . . . disputed question

4

of federal law is a necessary element of one of the well-pleaded state claims.'" *Pinney*, 402, F.3d at 442 (quoting *Franchise Tax Bd.*, 463 U.S. at 13). If, on the other hand, a plaintiff can establish every essential element of his state law claim without resort to a substantial issue of federal law, then the claim does not "necessarily depend on a question of federal law." *Id.*

In West Virginia, a plaintiff must prove the following elements of a claim for legal malpractice: "(1) the attorney's employment; (2) his/her neglect of a reasonable duty; and (3) that such negligence resulted in and was the proximate cause of loss to the plaintiff." Syl. pt. 1, *Calvert v. Scharf*, 619 S.E.2d 197 (W. Va. 2005). Plaintiffs allege that Defendant's "conduct in connection with its employment under the terms of its engagement letter in structuring, implementing and closing the [stock sale] . . . constituted the neglect of reasonable duty of due care and failure to exercise knowledge, skill and ability ordinarily possessed and exercised by members of the legal profession in similar circumstances." (Docket 1-1 at 16.) As a result of Defendant's advice, Plaintiffs claim that they had to pay "significant amounts as tax, interest, penalties and legal fees." (Docket 10 at 2.) It is not necessary to determine whether, according to federal tax law, the advice that Defendant gave was correct. For example, Defendant's advice, though legally correct, could be seen as negligent in that it lead to unwanted litigation, even if Plaintiff ultimately prevailed in that litigation.[1] Thus, Plaintiffs' claim does not necessarily depend on a question of federal law and does not give rise to federal question jurisdiction.

Similarly, Plaintiffs' claim for "negligent misstatement and misrepresentation of facts" does not necessarily depend on a question of federal law. To prevail on a claim for misrepresentation,

---

[1] Plaintiffs cannot be said to have ultimately prevailed in their litigation with the IRS. Although they did obtain a preliminary injunction, that is the subject of an unresolved appeal that was taken before final resolution on the merits.

5

a plaintiff must establish: (1) that the act claimed to be fraudulent was the act of the defendant or induced by him; (2) that it was material and false; (3) that plaintiff relied upon it and was justified under the circumstances in relying upon it; and (4) that he was damaged because he relied upon it. *Jennings v. Farmers Mut. Ins. Co.*, 687 S.E.2d 574, 579 (W. Va. 2009). Further, fraud includes "all acts, omissions, and concealments which involve a breach of legal duty, trust or confidence justly reposed, and which are injurious to another." *Smith v. First Cmty. Bancshares, Inc.*, 575 S.E.2d 419, 432 (W. Va. 2002) (citation omitted). Plaintiffs allege that Defendant's "negligent acts and omissions precluded [P]laintiffs from being able to make an adequately informed decision as to whether they should complete their transaction." (Docket 10 at 2.) Further, they state that the relied on these negligent misrepresentations, which resulted in damages. (Docket 1-1 at 17.) Again, Plaintiffs can establish every element of this offense without relying on a determination of federal tax law.

Plaintiffs also allege that Defendant's actions concerning the stock "constituted breach of contract by [Defendant] based on its contractual duties to provide competent and proper representation to Plaintiffs." (Docket 1-1 at 17.) Once more, Plaintiffs can establish this claim without a determination of federal law.

Defendant argues that pursuant to *Grable*, this case involves a substantial federal interest and should not be remanded. (Docket 14 at 12.) Defendant asserts that in order for Plaintiffs to prevail, they would need to show that the theory of liability used by the IRS was correct. This is simply not the case. While some aspects of the state law claims may reference the IRS's theory of liability, the theory does not create the state law causes of action and is not an essential element of Plaintiff's well-pleaded complaint.

Additionally, Defendant asserts that a "decision on the federal question here will impact numerous other cases." (Docket 14 at 13.) However, resolution of the federal tax issue in this case will not resolve other cases involving the IRS's theory of liability. Every court that addresses the issue will have to determine on a case-by-case basis whether the IRS's analysis was correct.

Further, *Grable* establishes the importance of addressing Congress's intended division of labor between state and federal courts. *Grable*, 545 U.S. at 319. This final consideration in the *Grable* analysis is framed by the court as "a possible veto" on the exercise of federal jurisdiction if there exists some indication that Congress intended the matter to be left to the states. *Id.* at 313. Defendant asserts that "[e]xercising federal jurisdiction in this case will not 'distort' the federal state-balance, [but] will contribute to the continued stability of that balance." (Docket 14 at 14.) This argument has been rejected in *Pinney*, where the court refused to "slacken in any way the principle that the substantial federal question doctrine applies only when a disputed issue of federal law is an essential element of at least one of the plaintiff's state claims." *Pinney*, 402 F.3d at 448-49. Defendant cannot establish federal jurisdiction by asserting that the Court's decision will impact other courts when Defendant has failed to identify any substantial question of federal law. The Court reiterates and emphasizes that the party seeking removal bears the burden of establishing the propriety of federal jurisdiction, including, in this case, the necessity of resolving substantial and disputed federal questions to establish the plaintiff's claim. *See Singh*, 335 F.3d at 280; *Mulcahey*, 29 F.3d at 151. Because removal jurisdiction is strictly construed, all doubt is resolved in favor of remand. *See Shamrock Oil & Gas*, 313 U.S. at 107-09; *Mulcahey*, 29 F.3d at 148. Defendant does not identify a federal issue that must be resolved to establish one or more elements of Plaintiffs'

7

claims. Accordingly, there is no substantial and disputed question of federal law to establish federal question jurisdiction.[2]

        B.      *Ancillary Jurisdiction*

Defendant also asserts that this Court has ancillary jurisdiction over the instant case because another case is pending before this Court, *The Kay Co. LLC, et al. v. United States*, No. 2:10-cv-410 (S.D. W. Va.). Defendant maintains that the issues involved in the two cases are "interdependent." (Docket 14 at 18.) Common law ancillary jurisdiction gives federal courts jurisdiction "over some matters (otherwise beyond their competence) that are incidental to other matter properly before them." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994). Courts may assert ancillary jurisdiction for two purposes: "(1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent," and "(2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." *Id.* at 379-80 (citations omitted).

        *(1) Factually Interdependent Claims*

Essentially, Defendant believes that the facts relating to the two cases are interdependent because both cases involve determining Plaintiffs' tax liability. However, the cases are more distinct. The instant action involves issues related to legal malpractice and whether Defendant's representation was reasonable, while the other action involves determining whether the IRS's

---

[2] Although not addressed by the parties, the Court would note that to the extent a legal malpractice claim can be seen as an aspect of regulating the conduct of attorneys, that is a subject in which a state has a greater interest than the federal system. *See Syl. pt. 1, State v. Dostert*, 295 S.E.2d 271 (W. Va. 1982) ("The exclusive authority to define, regulate and control the practice of law in West Virginia is vested in the Supreme Court of Appeals."); *Bates v. State Bar of Ariz.*, 433 U.S. 350, 362 (1977) ("[T]he regulation of the activities of the bar is at the core of the State's power to protect the public.").

8

interaction with Plaintiffs and tax treatment of the stock sale was appropriate. The Supreme Court has held:

> In a subsequent lawsuit involving claims with no independent basis for jurisdiction, a federal court lacks the threshold jurisdictional power that exists when ancillary claims are asserted in the same proceeding as the claims conferring federal jurisdiction. Consequently, claims alleged to be factually interdependent with and, hence, ancillary to claims brought in an earlier federal lawsuit will not support federal jurisdiction over a subsequent lawsuit.

*Peacock v. Thomas*, 516 U.S. 349, 355 (1996) (internal citations omitted). Here, as in *Peacock*, there is no independent basis for this Court's jurisdiction. Thus, the claims brought in the earlier lawsuit before this court do not support federal jurisdiction for the instant action.

### *(2) Court's Ability to Function Successfully*

Defendant also asserts that the Court must exercise jurisdiction over the instant action to protect the Court's preliminary injunction entered in the earlier action. (Docket 14 at 20.) Defendant believes that if this action is before a state court, then the state court could make a determination concerning the IRS's treatment of the stock sale that conflicts with this Court's determination. Ancillary jurisdiction, in this manner, is used in subsequent proceedings "for the exercise of a federal court's inherent power to enforce its judgments." *Peacock*, 516 U.S. at 356. The Supreme Court has approved using ancillary jurisdiction in this way "to assist in the protection and enforcement of federal judgments [through] attachment, mandamus, garnishment, and the prejudgment avoidance of fraudulent conveyances." *Id.*

The relief sought in the instant action is not necessary to the effectuation of the preliminary injunction. Further, this Court has no authority to use ancillary jurisdiction in this case as there has not yet been a judgment in the earlier action, only a preliminary injunction. Thus, there is no

judgment that this Court needs to enforce. Accordingly, the Court also does not have ancillary jurisdiction under this argument.

*IV. CONCLUSION*

For the reasons set forth above, Plaintiffs' Motion to Remand [Docket 10] **GRANTED**. The Court **REMANDS** this case to the Circuit Court of Kanawha County, West Virginia, for further proceedings.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party, and a certified copy of this Order to the Clerk of the Circuit Court of Kanawha County.

ENTER: March 28, 2012

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE